### LANE a. LOSEE.

*Supreme Court, First District; In Chambers, September,* 1855.

ADMISSION OF PART OF PLAINTIFF'S CLAIM.—SATISFACTION.

Satisfaction of a part of plaintiff's claim admitted by the defendant's answer to be just, should not be ordered, and enforced by attachment and commitment for contempt, where the claim is one on which the defendant is exempted from im prisonment, by the non-imprisonment act of 1831.[*]

Motion that defendant be required to satisfy a part of the plaintiff's claim, admitted by the answer to be just.

This was an action against the maker of two promissory notes, amounting to $1,667.84. The defendant, without denying the demands in his answer, claimed a set-off for money laid out and expended, and for work and labor, amounting to $150 ; tacitly admitting a balance due to plaintiff of $1,517.17. The plaintiff now moved, under the last paragraph of subdivision 5, section 244 of the Code, that the defendant be ordered to satisfy that part of the demand thus tacitly admitted, and that the Court enforce the order as it enforces a provisional remedy, by commitment as for contempt.

CLERKE, J.—The paragraph from the Code, quoted by the plaintiff, if regarded as isolated and detached, may seem to warrant the construction sought to be put upon it, but taken in

---

[*] S. P. Dusenberry a. Woodward, 1 *Abbotts' Pr. R.,* 443 ; but compare Meyers a. Trimble. *ib.,* 220, 399.

connection with other provisions in the same section, this construction cannot be maintained. It would be manifestly at variance with the spirit and policy of our legislation, and with the current of public opinion during the last quarter of a century, by subjecting a party to imprisonment for a debt, in contravention of the act of 1851, passed for the express purpose of exempting persons from imprisonment in proceedings like the present. Such a construction would also be an indirect repeal of part of the statute of 1831, and a statute of that description, in favor of human liberty, cannot be repealed in this way. The repugnancy between the two laws is not so great or so irreconcilable as to create a repeal of the former by implication.

The construction contended for also presents an anomaly which neither the law nor reason favors. The admission by the defendant of part of his debt is implied and not expressed —it is, in fact, a default against him for a part instead of the whole debt. If the defendant had permitted judgment to be entered against him by default for the whole amount, there is no doubt that the remedy sought to be applied here would not be sustained, and still less will it be when a part of the demand is admitted.

For these reasons, therefore, I cannot believe that the provision in question affects any demand, or any part of a demand, arising upon a contract, or rather upon such contracts as are within the meaning of the act of 1831. The provisions quoted from the Code relate to the specific delivery of property, and are intended for more flagrant cases than the mere non-fulfilment of an ordinary contract. The motion must be denied, with costs.